UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62548-RUIZ/STRAUSS

**MARIE FABRE,**

    Plaintiff,

v.

**ANDREW SAUL,
Commissioner of Social Security,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion") [DE 29], filed by Plaintiff on October 16, 2020. This case was referred to me for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters [DE 2; DE 8]. For the reasons stated below, I **recommend** that the Motion [DE 29] be **GRANTED**.

Plaintiff filed her Complaint [DE 1] on October 14, 2019, seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income. Defendant filed an answer [DE 15] and the administrative record [DE 16] on May 11, 2020. On August 7, 2020, Plaintiff filed her Motion for Summary Judgment with Supporting Memorandum of Law [DE 24].

On October 7, 2020, Defendant filed an Unopposed Motion to Remand [DE 27], seeking remand under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, noting that on "remand, the administrative law judge will give further consideration to the medical opinions and to Plaintiff's maximum residual functional capacity; obtain evidence from a vocational expert; and issue a new decision." The Court granted the Unopposed Motion to Remand

later that day [*see* DE 28]. Plaintiff now seeks an award of attorney's fees in the amount of $7,049.75 for 34.6 hours of work at an hourly rate of $203.75.

"Under EAJA [the Equal Access to Justice Act], a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)). A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

Plaintiff has satisfied the foregoing requirements. First, Plaintiff is a prevailing party because the Court remanded the case under sentence four. Second, in the Motion, Plaintiff argues that the Government's position was not substantially justified. Given that the Motion is unopposed and that this case was remanded under sentence four by agreement, Plaintiff has met her burden of showing a lack of substantial justification for purposes of prevailing on the Motion.

Third, the Motion was timely filed. The prevailing party must move for attorney's fees within thirty days of final judgment. § 2412(d)(1)(B). The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). A judgment against the United States, its agencies, or its officers sued in their official capacities can be appealed "within 60 days after entry of judgment." Fed. R. App. P. 4(a)(1)(B). Therefore, after a sentence-four remand, a prevailing party's EAJA fee application is timely when filed prior to 90 days after the

entry of judgment. As the Order Granting Unopposed Motion to Remand [DE 28] was entered on October 7, 2020, the Motion was filed well in advance of the deadline to do so.

Fourth, Plaintiff has satisfied the net worth requirement. Specifically, in Plaintiff's Affidavit and Assignment of Fee [DE 29-1], Plaintiff attests that her net worth was less than $2 million at the time this action was commenced. Finally, I find that no special circumstances make an award of fees unjust, particularly because the Motion is unopposed. Thus, Plaintiff has satisfied the EAJA requirements. Therefore, I find that Plaintiff is entitled to an award of reasonable attorney's fees.

As for the amount of fees, the EAJA provides that "fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel requests compensation at an hourly rate of $203.75. Counsel asserts that the statutory rate of $125 is subject to a cost of living adjustment as the EAJA took effect in March 1996 [DE 29 at p. 5]. I find that the requested hourly rate is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions. Furthermore, courts consider the application of the cost of living adjustment "next to automatic." *See Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). Therefore, I find that the requested hourly rate of $203.75 is warranted. I also find that the 34.6 hours for which counsel seeks compensation are reasonable, particularly given the length of the administrative record (nearly 1,200 pages) and the resulting need to include extra pages in Plaintiff's summary judgment motion (34 pages).

Additionally, I note that Plaintiff's counsel has not billed time for various billing entries [*see* DE 29 at pp. 2-3]. Accordingly, I conclude that $7,049.75 represents a reasonable fee in this case. Therefore, I recommend that such fees be awarded.

Attorney's fees awarded under the EAJA are payable to the plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). As such, the payment is subject to a government offset to satisfy any pre-existing debt that the litigant owes the United States. *Id.* Pursuant to the Motion, Plaintiff requests that the fees sought be paid to Plaintiff's attorney provided that it is determined Plaintiff does not owe a debt to the United States that is subject to offset. I recommend that the District Court grant this request. The Motion represents that Plaintiff has no objection to this request, and I again note that the Motion is unopposed. Moreover, Plaintiff has assigned any interest she has in any EAJA fee award to her counsel [*see* DE 29-1].

## **CONCLUSION**

Based on the foregoing, I **recommend** that the Motion [DE 29] be **GRANTED** and that the District Court award Plaintiff attorney's fees in the amount of **$7,049.75**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

      **DONE AND SUBMITTED** in Fort Lauderdale, Florida this 26th day of October 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge